McCunn, J.,
decided to take it from the jury and direct a verdict for the defendant, on the ground that the plaintiffs had failed to prove such a clear case of fraud as would justify a submission of the defendant’s rights to the speculation of a jury.
The first question, said the judge”, that presents itself in this case, is whether there were false statements made by the defendant to 'the plaintiffs to induce them to part with their money, and whether the defendant was benefited by such false statements.
*660 Mrst. There is no dispute about the organization of the company.
Second. There is no dispute about the ownership of the land of the company, nor is there any dispute about the company’s owning five engines instead of twenty-eight, nor about there being some wells sunk. So that the only fraud the defendant could be guilty of was in saying the company had more engines than they actually had, and more wells sunk than were sunk, and it is upon these two propositions that the jury must pass, if at all.
Mr. Morris says he made no such representations. He says it was a time of great speculation, and that the plaintiffs were as anxious as he was to embark in such enterprises. ' It is also admitted that Mr. Morris received no pecuniary benefit from the transaction. ’ The stock which Holly set apart for him was set apart months after the representations made to the plaintiffs. How I shall hold that if Morris did tell a lie, and the result of that lie or the intention of Morris at the time was not to benefit himself, the plaintiffs cannot recover. Again, the evidence and the pleadings in this case show that several weeks elapsed from the time the plaintiffs subscribed for the stock before they paid the money; and I hold that it was the duty of the plaintiffs to investigate the true condition of the company, and ascertain whether the property was as' described by the defendant, and their not doing so, or their negligence in this respect, will prevent them from recovering; in other words, there can in such a case as this be ^contributing negligence.” Another reason that would prevent them from recovering is, that according to their own showing, after they had discovered these alleged untruths of Morris, they still continued to be a part and parcel of the company, and were among its directors. How, I hold that their doing so a number of years after *661 they learned these facts, precludes their recovering; and, lastly, three years and a half having elapsed before this suit was commenced, and their efforts to settle with Morris in the meantime, do not recommend them to the court. Under all these circumstances, and in consideration of the fact that the plaintiffs made the defendant their witness, and as his testimony, taken in connection with other proof, goes conclusively to establish a scheme in which all are equally to blame, I must direct a verdict for the defendant, the exceptions to be heard in the first instance at the general term.